J-S54027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRUCE ALLEN TAYLOR, JR. | |
| Appellant | No. 2290 MDA 2013 |

Appeal from the PCRA Order December 4, 2013
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000954-2007

BEFORE:  LAZARUS, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                    **FILED SEPTEMBER 16, 2014**

Appellant, Bruce Allen Taylor, Jr, appeals from the December 4, 2013 order dismissing as untimely his amended petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The underlying facts and procedural history of this case were set forth by a prior panel of this Court on direct appeal, as follows.

> [T]his case began on or about November 5, 2007, when a police criminal complaint was filed, charging [A]ppellant with one count of failure to comply with registration of sexual offenders requirements.[1]  Thereafter, [A]ppellant waived his preliminary hearing on November 20, 2007, and an arraignment was scheduled for December 12, 2007.

---

[1] 18 Pa.C.S.A. § 4915(a)(1).

> After negotiations with the district attorney, [A]ppellant agreed to plead guilty to the single count [in return for the Commonwealth's recommendation] for a sentence the minimum of which would be at the bottom of the standard range of the sentencing guidelines, and the maximum of which would be left open to the [trial] court.
>
> On February 11, 2008, [A]ppellant entered his plea before the [trial] court. On March 17, 2008, the trial court sentenced [A]ppellant to undergo imprisonment for a period of not less than seventeen (17) months nor more than ten (10) years. The standard range of the sentencing guidelines was fifteen (15) to twenty-one (21) months for a minimum sentence. Appellant did not seek to withdraw his guilty plea, despite the [trial] court not sentencing him at the bottom of the standard guidelines.

*Commonwealth v. Taylor*, 974 A.2d 1193 (Pa. Super. 2009) (unpublished memorandum at 2-3, *quoting Anders* Brief at 9) (original footnote omitted).

On March 20, 2008, Appellant filed a motion to modify his sentence, which was denied by the trial court on June 20, 2008. On June 30, 2008, Appellant filed a timely notice of appeal, and his judgment of sentence was affirmed by a panel of this Court on April 1, 2009. *See id.* Appellant did not file a petition for allowance of appeal with our Supreme Court. Appellant was represented at sentencing by Helen Stolinas, Esquire (Attorney Stolinas), and on appeal by Chad Salsman, Esquire (Attorney Salsman).

On March 22, 2012, Appellant filed a two-page, handwritten *pro se* "Motion to Modify Sentence." Thereafter, on April 1, 2013, Appellant filed a *pro se* PCRA petition, and the PCRA court appointed Richard R. Jennings,

Esquire (Attorney Jennings) to represent Appellant. On August 1, 2013, Attorney Jennings filed an amended petition on Appellant's behalf, and a hearing was scheduled for October 4, 2013. Thereafter, Appellant and the Commonwealth submitted briefs in support of their respective positions. On December 4, 2013, the PCRA court dismissed Appellant's amended PCRA petition, noting that said petition was untimely filed and that Appellant had failed to plead any exceptions to the time-bar. *See* PCRA Court Order, 12/4/13. Thereafter, Attorney Jennings filed a timely appeal on Appellant's behalf on December 26, 2013.[2]

On appeal, Appellant raises the following issues for our review.

> [1.] Whether the [PCRA court] erred in determining that [Appellant's] PCRA petition was untimely?
>
> [2.] Whether the [PCRA court] erred in determining that [Appellant] had no exceptions to the PCRA filing time limit under 42 Pa.C.S.[A. §] 9545(b)(1)?

Appellant's Brief at 4.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v.***

---

[2] The record reflects that Appellant was not ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Nonetheless, on April 24, 2014, the PCRA court filed a two-paragraph Rule 1925(a) opinion in support of its order dismissing Appellant's amended PCRA petition as untimely.

***Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, ***Edmiston v. Pennsylvania***, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011) (citation omitted). "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." ***Id.***

Before we may address the merits of Appellant's claims, we must first consider the timeliness of his PCRA petition because it implicates the jurisdiction of this Court and the PCRA court. ***Commonwealth v. Williams***, 35 A.3d 44, 52 (Pa. Super. 2011) (citation omitted), *appeal denied*, 50 A.3d 121 (Pa. 2012). "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." ***Id.*** The PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar[.]" ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). This is to "accord finality to the collateral review process." ***Id.*** "A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is

met." ***Commonwealth v. Harris***, 972 A.2d 1196, 1199-1200 (Pa. Super. 2009), *appeal denied*, 982 A.2d 1227 (Pa. 2009). The Act provides, in relevant part, as follows.

### § 9545. Jurisdiction and proceedings

…

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

- 5 -

…

42 Pa.C.S.A. § 9545(b).

In the instant matter, Appellant was sentenced on March 17, 2008. As noted, this Court affirmed Appellant's judgment of sentence on April 1, 2009, and Appellant did not file a petition for allowance of appeal with our Supreme Court. **See Taylor**, **supra**. Thus, Appellant's judgment of sentence became final on May 1, 2009, 30 days after this Court affirmed his judgment of sentence and when the time to file a petition for allowance of appeal with our Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); **see also** Pa.R.A.P. 1113(a) (stating, "a petition for allowance of appeal shall be filed … within 30 days after the entry of the order of the Superior Court … sought to be reviewed[]"). Therefore, in order to be timely, Appellant's PCRA petition had to be filed by May 3, 2010.[3] As noted, Appellant filed a *pro se* PCRA petition on April 1, 2013, and an

_____

[3] We note that May 1, 2010 fell on a Saturday. Pursuant to 1 Pa.C.S.A. § 1908, when the last day of a calculated period of time falls on a Saturday or Sunday, as was the case here, such day shall be omitted from the computation in determining the timeliness of a filed PCRA petition.

amended petition was filed on his behalf on August 1, 2013, both well past the deadline.[4] Accordingly, Appellant's petitions are patently untimely, and Appellant must plead and prove one of the three enumerated statutory exceptions to the time-bar.

Our review of Appellant's petition reveals that Appellant has failed to properly plead a cognizable exception to the PCRA time-bar. Notably, Appellant has not raised one of the enumerated exceptions to the time-bar in either one of his untimely filed PCRA petitions. In his April 1, 2013 *pro se* PCRA petition, Appellant merely alleges the ineffectiveness of Attorneys Stolinas and Salman. *See Pro Se* PCRA Petition, 4/1/13, at 3. In his August 1, 2013 amended PCRA petition, Appellant further argues that, his failure to comply with registration of sexual offenders requirements, pursuant to Section 4915(a)(1), should have been graded as a misdemeanor, rather than a felony. *See* Amended PCRA Petition, 8/1/13, at ¶¶ 11-12.

Appellant ignores this deficiency and attempts to remedy his failure by arguing for the first time in the "Argument" section of his appellate brief that the "unknown facts" exception set forth in Section 9545(b)(ii) excuses him from the untimely filing of his petition. Specifically, Appellant contends that, "[he] did not receive the benefit of effective counsel at the trial level [or] on

_____

[4] Even if this Court were to construe Appellant's March 22, 2012 *pro se* "Motion to Modify Sentence" as his first PCRA petition, it is still nearly two years past the PCRA deadline, and thus, is patently untimely.

direct appeal[,]" and has only now discovered, "through the benefit of Counsel" that,

> [his] guilty plea and subsequent sentencing were conducted without [his] full understanding of the procedures in the Commonwealth of Pennsylvania, the full gravity of the charges he was pleading guilty to, and the penalties that the charges carried.

Appellant's Brief at 8.  This argument fails.

Our Supreme Court has long recognized that a PCRA petitioner is "required to plead the cognizability of his petition **in the petition itself**.  … Exceptions cannot be raised for the first time on appeal to this Court." ***Commonwealth v. Wharton***, 886 A.2d 1120, 1126 (Pa. 2005) (citations omitted; emphasis added); ***see also Commonwealth v. Williamson***, 21 A.3d 236, 241 n.3 (Pa. Super. 2011) (stating, "[i]t is the burden of a petitioner to plead in the PCRA petition exceptions to the time bar and that burden necessarily entails an acknowledgement by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply[]") (citation omitted).  Without a pled and successfully proven exception to the time-bar, this Court is without jurisdiction to address the merits of the arguments raised.  ***Commonwealth v. Perrin***, 947 A.2d 1284, 1285 (Pa. Super. 2008).

In light of the foregoing, we conclude Appellant failed to adequately plead an exception to the PCRA's jurisdictional timeliness requirements. Therefore, we conclude that the PCRA court was correct in determining that

it lacked jurisdiction to entertain the merits of Appellant's amended PCRA petition. Accordingly, we affirm the December 4, 2013 order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/16/2014